UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
GABRIEL LOPEZ QUINO et al.,

                Plaintiffs,

    -against-

CHEBURECK INC. et al.,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-CV-3393 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs Gabriel Lopez Quino, Erica Lopez Quino ("E. Quino"), and Candelaria Calel Chitic ("Plaintiffs"), initiated this case against Defendants Chebureck Inc., d/b/a Shashlichnaya, and Isak Sionov ("Defendants") on July 28, 2020. (*See* Complaint, ECF No. 1.) Plaintiffs seek, *inter alia*, damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"). (*Id.*; *see also* Second Amended Complaint, ECF No. 36.) Presently before the Court is Plaintiff E. Quino's stipulation of dismissal, which the Honorable LaShann DeArcy Hall referred to the undersigned Magistrate Judge. (Stipulation of Dismissal, ECF No. 53.) For the following reasons, the Court recommends that Plaintiff E. Quino's claims be dismissed without prejudice.

**I. Procedural History**

      On April 29, 2022, Plaintiff E. Quino and Defendants[1] filed a stipulation of dismissal as to Plaintiff E. Quino's case, without prejudice, under Federal Rule of Civil

---

[1] The Court notes that although the case caption on the Stipulation indicates "Defendants," the caption includes only the corporate Defendant and does not list the individual Defendant, Isak Sionov, by name. (*See* Stipulation of Dismissal, ECF No. 53.) The Court notes, however, that Defendants share counsel and construes the Stipulation as being filed on behalf of all Defendants.

Procedure 41(a)(1)(A)(ii). (Stipulation of Dismissal, ECF No. 53.) In support of the stipulation of dismissal, Plaintiffs' counsel represented that she had made multiple attempts to directly communicate with Plaintiff E. Quino, to no avail, and when counsel was finally able to reach her, Plaintiff E. Quino informed counsel that she no longer wished to pursue this action. (Pls.' Counsel Affirmation of Dismissal, ECF No. 53-2.)

On May 4, 2022, the Honorable LaShann DeArcy Hall referred the stipulation of dismissal to the undersigned "so that the parties may inform the Court as to whether the stipulation was filed pursuant to a settlement agreement, and if so, to allow for a review of the settlement terms pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)." (May 4, 2022 ECF Order.) At a status conference held on May 11, 2022, counsel for both sides confirmed that there has been no settlement in the case and that the stipulation filed by the parties anticipates dismissal of the case without prejudice. (May 11, 2022 ECF Minute Entry and Order; Stipulation of Dismissal, ECF No. 53.) Plaintiffs' counsel further represented that the stipulation of dismissal was filed because Plaintiff E. Quino does not want to continue to participate in the case. (*Id.*; *see also* E. Quino Decl., ECF No. 53-1, ¶ 4.)

## II. Dismissal of FLSA Cases

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) generally allows plaintiffs to dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). But in the FLSA context, the Second Circuit held in *Cheeks v. Freeport Pancake House, Inc.*, that stipulated dismissals in FLSA cases with prejudice are subject to court approval or Department of Labor supervision. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200, 201 n.2 (2d Cir. 2015). Accordingly, after *Cheeks*, Courts have found that when a dismissal is not the product of a settlement agreement but is with prejudice, court approval of the dismissal

2

is still required. *See Martinez v. Ivy League School, Inc.*, 15-CV-7238 (DRH) (GRB), 2016 WL 3582062, at *7 (E.D.N.Y. June 28, 2016) (finding that "the reasoning in *Cheeks* applies with equal force to the dismissal of an FLSA action with prejudice pursuant to Rule 41(a)(1)(A)(i)").

Dismissals without prejudice in FLSA cases are to be treated similarly. In *Cheeks* itself, the Second Circuit expressly left open the question of whether parties may settle FLSA cases without approval or supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice. *Cheeks*, 796 F.3d at 201 n.2. More recently, in *Samake v. Thunder Lube, Inc.*, the Second Circuit held that "the FLSA limits the automatic operation of Rule 41(a)(1)(A)(i), which concerns unilateral dismissals, as well as (ii), which concerns stipulated dismissals," and approved a district court's determination to "inquire into whether the parties had reached a settlement requiring *Cheeks* review," notwithstanding plaintiff's filing of a notice of voluntary dismissal. 24 F.4th 804, 807 (2d Cir. 2022); *see also id.* at 810–11; *Perez v. Liberty Food Enterprises*, No. 21-CV-7340 (GHW), 2022 WL 1125622, at *2 (S.D.N.Y. Apr. 15, 2022) ("[T]he Court must evaluate such dismissals to ensure that they do not obscure a settlement.").

## III. Analysis

In light of the parties' confirmation that the anticipated dismissal here does not involve any settlement, the undersigned Magistrate Judge respectfully recommends dismissal of the case without prejudice as to Plaintiff E. Quino. (*See* Stipulation of Dismissal, ECF No. 53; E. Quino Decl., ECF No. 53-1, ¶ 5; Pls.' Counsel Affirmation of Dismissal, ECF No. 53-2; May 11, 2022 ECF Minute Entry and Order.)

As noted above, Plaintiffs' counsel and defense counsel both represented that Plaintiff E. Quino has not reached a settlement with Defendants. (Pls.' Counsel Affirmation of Dismissal, ECF No. 53-2; May 11, 2022 ECF Minute Entry and Order.) In

3

addition, Plaintiff E. Quino herself affirmed, under oath, that she has not settled any alleged claims with Defendants. (E. Quino Decl., ECF No. 53-1, ¶ 5.) Moreover, in her affirmation, Plaintiff E. Quino stated that she has not been threatened or coerced by Defendants in any way and that her decision to withdraw from this action is completely voluntary. (*Id.*) Plaintiff E. Quino also affirmed that her attorneys have informed her that this dismissal is without prejudice. (*Id.* ¶ 6.)

For these reasons, the Court recommends that Plaintiff E. Quino and Defendants' stipulation of dismissal (ECF No. 53) be approved, and that this case be dismissed without prejudice as to Plaintiff E. Quino. To ensure Plaintiff E. Quino is aware of this recommendation, and the high likelihood her claims will be dismissed, Plaintiffs' counsel is respectfully directed to serve this Report and Recommendation (as well as a Spanish language translation) on Plaintiff E. Quino at her last known mailing and email addresses, and by any other means that have been effective in reaching Plaintiff E. Quino. Plaintiffs' counsel is directed to file proof of service by **May 19, 2022.**

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:  Brooklyn, New York
        May 12, 2022

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE