UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
GABRIEL LOPEZ QUINO et al.,

                        Plaintiffs,

      -against-

CHEBURECK INC. et al.,

                        Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-CV-3393 (LDH) (TAM)
(Not for Publication)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiffs Gabriel Lopez Quino, Erica Lopez Quino ("E. Quino"), and Candelaria Calel Chitic ("Plaintiffs"), initiated this case against Defendants Chebureck Inc., d/b/a Shashlichnaya, and Isak Sionov ("Defendants") on July 28, 2020. (*See* Complaint, ECF No. 1.) Plaintiffs seek, *inter alia*, damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New York Labor Law, Art. 6 § 190 *et seq*. and Art. 19 § 650 *et seq*. ("NYLL"). (*Id.*; *see also* Second Amended Complaint, ECF No. 36.) For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that Plaintiff Chitic's claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

      As noted above, this action was commenced on July 28, 2020. (Compl., ECF No. 1.) On April 28, 2022, Plaintiffs' counsel filed a motion to withdraw for Plaintiff Candelaria Calel Chitic. (*See* Mot. to Withdraw, ECF No. 51; May 11, 2022 ECF Minute

---

[1] The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion.

Entry and Order.)[2] In support of the motion, Plaintiffs' counsel explained that Ms. Chitic "has failed to cooperate with the prosecution of this matter" and that their "office has made numerous attempts to contact Ms. Chitic on a myriad of occasions, but to no avail." (Mot. to Withdraw, ECF No. 51.) Plaintiffs' counsel also stated: "It therefore has become impossible for us to diligently represent [Plaintiff Chitic] in this action." (Decl. of Ramsha Ansari, ECF No. 51-1, ¶ 3.)

On May 11, 2022, the Court held a conference with the parties to address the motion, as well as other pending matters in the case. (*See* May 11, 2022 ECF Minute Entry and Order.) At the conference, Plaintiffs' counsel represented that Ms. Chitic will not speak with her attorneys on the phone, and reiterated the request to withdraw as counsel because her attorneys cannot effectively represent her under the current circumstances. (*Id.*) Counsel acknowledged, however, that the motion to withdraw had not been formally served on Ms. Chitic. (*See id.*) *See also generally* E.D.N.Y. Local Civil Rule 1.4.

Accordingly, the Court reserved decision on the motion to withdraw, and directed counsel to serve the motion on Ms. Chitic, as well as a translated copy, and to file proof of service by May 18, 2022. (*See* May 11, 2022 ECF Minute Entry and Order.) In addition, the Court scheduled a follow-up status conference for June 15, 2022, to address the motion. (*Id.*) The Court directed Ms. Chitic to personally appear at the June

---

[2] On April 29, 2022, Plaintiff Erica Quino ("E. Quino") and Defendants filed a stipulation of dismissal as to Plaintiff E. Quino's case, without prejudice, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Stipulation of Dismissal, ECF No. 53.) On May 4, 2022, the Honorable LaShann DeArcy Hall referred the stipulation of dismissal to the undersigned. (May 4, 2022 ECF Order.) The undersigned recommended that Plaintiff E. Quino's claims be dismissed without prejudice. (Report and Recommendation, ECF No. 56.) On July 28, 2022, Judge DeArcy Hall adopted the report and recommendation and dismissed the case without prejudice as to Plaintiff E. Quino. (July 28, 2022 ECF Order Adopting Report and Recommendation.)

15, 2022 conference. (*Id.*) In anticipation of the conference on June 15, 2022, the Court also directed Plaintiffs' counsel to serve the Court's May 11, 2022 Minute Entry and Order, along with an order issued on May 11, 2022 (as well as Spanish language translations of each), on Ms. Chitic at her last known mailing and email addresses, and by any other means that have been effective in reaching Ms. Chitic. (*Id.*; *see also* May 11, 2022 Order, ECF No. 55.) Plaintiffs' counsel was also directed to attempt to call and text Ms. Chitic, and to inform her that because of her non-responsiveness to her lawyers, she must personally appear at the June 15, 2022 status conference. (May 11, 2022 Order, ECF No. 55.)

In the May 11, 2022 Order, the Court also stated the following:

> Ms. Chitic is respectfully advised that she must comply with the Court's orders if her case is to continue. Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)[1](C). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(*Id.* at 3.) The Court also informed Ms. Chitic that unless she herself appeared at the June 15, 2022 status conference, "this Court may recommend that her case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.*)

On May 16, 2022, in accordance with the Court's orders, Plaintiffs' counsel filed proof of service of Spanish language translations of Plaintiffs' counsel's motion to withdraw, the May 11, 2022 ECF Minute Entry and Order, and the May 11, 2022 Order on Ms. Chitic. (May 16, 2022 Proof of Service, ECF No. 57.) The Court held a status conference on June 15, 2022, at which Ms. Chitic did not appear. (*See* June 15, 2022 ECF Minute Entry and Order.) The Court found that "Plaintiffs' counsel ha[d] demonstrated

3

satisfactory reasons under Local Civil Rule 1.4 for withdrawal as to Plaintiff Candelaria Calel Chitic, which outweigh any potential impact the withdrawal will have on the timing of the proceedings in this case." (*Id.*; Order on Mot. to Withdraw, ECF No. 59, at 5.) Therefore, the Court granted Plaintiffs' counsel's motion to withdraw as attorneys for Plaintiff Chitic. (*See* June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 3, 5.)

The Court directed Plaintiffs' counsel to serve the Court's June 15, 2022 Minute Entry and Order, along with the June 15, 2022 order on motion to withdraw (as well as Spanish language translations of each), on Ms. Chitic and to file proof of service by June 22, 2022. (June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 3.) The Court also directed Ms. Chitic to appear on her own behalf (*pro se*) or to have new counsel file an appearance on her behalf by July 22, 2022. (June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 3.) The Court stated that if Ms. Chitic intended to proceed *pro se*, she was directed to provide her address and contact information to the E.D.N.Y. Pro Se Office by July 22, 2022. (June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 3.) Finally, the Court warned Ms. Chitic that if she failed to locate new counsel or file an appearance *pro se* by July 22, 2022, the Court would recommend that "Ms. Chitic's claims be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 6.)

On June 17, 2022, in accordance with the Court's orders, Plaintiffs' counsel filed proof of service of Spanish language translations of the June 15, 2022 Minute Entry and Order to withdraw on Ms. Chitic. (June 17, 2022 Proof of Service, ECF No. 60.) On July 15, 2022, the parties filed a notice of settlement as to Plaintiff Gabriel Lopez Quino, and

4

the Court directed the parties to file "a proposed Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)" by August 5, 2022. (Notice of Settlement, ECF No. 61; July 18, 2022 ECF Order.) Plaintiff Chitic did not locate new counsel or file an appearance *pro se* by July 22, 2022, and still has not.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 102 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by

5

> further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining how to proceed. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff Chitic's claims against Defendants. First, the Court notes that Plaintiff's counsel filed a motion to withdraw on April 28, 2022, stating that their "office has made numerous attempts to contact Ms. Chitic on a myriad of occasions, but to no avail" and Plaintiff Chitic has been absent from the case for reasons that appear solely attributable to her. (Mot. to Withdraw, ECF No. 51; *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013).) As set forth above, Plaintiff Chitic also did not appear at the June 15, 2022 status conference despite extensive efforts to provide her with notice. (*See* June 15, 2022 ECF Minute Entry and Order; *see generally* 20-CV-3393 (LDH) (TAM).)

Second, the Court is satisfied that Plaintiff Chitic received proper notice about the possibility of dismissal, and that further attempts to warn her would be futile. *Caussade*, 293 F.R.D. at 630. On May 11, 2022, the Court entered an order advising Plaintiff Chitic as follows:

> Ms. Chitic is respectfully advised that she must comply with the Court's orders if her case is to continue. Rule 16(f) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)[1](C). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(May 11, 2022 Order, ECF No. 55, at 3.) On June 15, 2022, the Court advised Plaintiff Chitic that if she failed to locate new counsel or file an appearance *pro se* by July 22, 2022, the Court would recommend that "Ms. Chitic's claims be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (June 15, 2022 ECF Minute Entry and Order; Order on Mot. to Withdraw, ECF No. 59, at 6 (citing Fed. R. Civ. P. 41(b)).) Plaintiff Chitic has not contacted the Court, did not locate new counsel or file an appearance *pro se* by July 22, 2022, and still has not. In addition, the Court finds that Defendants would be prejudiced by further delay in this litigation given that a settlement has been reached on behalf of the sole remaining Plaintiff who is participating in this matter. (*See* Notice of Settlement, ECF No. 61; July 18, 2022 ECF Order.)

Apart from Plaintiff Chitic's absence, the notice she received regarding the consequences of her absence, and the prejudice Defendants would face if the case is further delayed by Ms. Chitic's absence, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Plaintiff Chitic has shown no

7

"interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. Accordingly, the Court finds that "dismissal would seek the proper balance between expediency and the rights of the plaintiff," and that dismissal is the only "efficacious option." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff's Chitic's claims should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to her failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to the action for a plaintiff's failure to prosecute).

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
      July 29, 2022

*Taryn A. Merkl*
───────────────────────────
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE